# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR ELLIS; DR. LAMAR ELLIS CHARITABLE REMAINDER TRUST; LAMAR ELLIS' TRUST; LAMAR ELLIS REVOCABLE TRUST; LAMELLI LTD PARTNERSHIP; and ENERGETIC PSYCHOANALYTIC INSTITUTE AND TRAINING SCHOOL INC,<br><br>Plaintiffs,<br><br>vs.<br><br>BERNARD L. MADOFF; INVESTMENT SECURITIES LLC; PIONEER INVESTMENT FIRM; AMSOUTH BANK; REGIONS BANK; DEPOSIT GUARANTY NATIONAL BANK; UNITED STATES SECURITIES AND EXCHANGE COMMISSION; THADARINE MCINTOSH; MOODY RATING AGENCY; FITCH RATING LTD; STANDARD AND POOR'S RATING AGENCY,<br><br>Defendants. | CASE NO. 10-CV-1295-H (JMA)<br><br>**ORDER**<br><br>**(1) DENYING WITHOUT PREJUDICE MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**(2) DIRECTING PLAINTIFF TO PAY THE FILING FEE; AND**<br><br>**(3) DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL** |

On June 17, 2010, Plaintiff Lamar Ellis, proceeding *pro se*, filed a complaint in this action against Defendants Bernard Madoff, Investment Securities LLC, Pioneer Investment

Firm, Amsouth Bank, Regions Bank, Deposit Guaranty National Bank, United States Securities and Exchange Commission, Thadarine McIntosh, Moody Rating Agency, Fitch Rating Ltd., and Standard and Poor's Rating Agency, alleging that Defendants traded Plaintiffs' assets without permission, which resulted in a $13,000,000,000 loss to Plaintiffs.[1] (Doc. No. 1.) Plaintiff Lamar Ellis also filed a motion for leave to proceed *in forma pauperis* and a motion to appoint counsel. (Doc. Nos. 2 & 3.) For the following reasons, the Court DENIES Plaintiff's motion to proceed *in forma pauperis*, DENIES the motion for appointment of counsel, and directs Plaintiff to pay the court filing fee.

## Discussion

### I. Motion to Proceed in Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00 See 28 U.S.C. § 1915(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The benefit of proceeding *in forma pauperis* is a privilege, not a right. Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984). As 28 U.S.C. § 1915(a)(1) states, in part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

A petitioner need not "be absolutely destitute to enjoy the benefit of this statute." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948); Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960). He must, however, demonstrate his poverty with "some particularity, definiteness, and certainty."

---

[1] The complaint also names as co-Plaintiffs Dr. Lamar Ellis Charitable Remainder Trust, Lamar Ellis' Trust, Lamar Ellis Revocable Trust, Lamelli LTD Partnership, and Energetic Psychoanalytic Institute and Training School Inc., however, these entities are not represented by counsel.

1  United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981) (*per curiam*).

2      The Court notes that the complaint names as Defendants, among others, Bernard Madoff and various investment entities. (Doc. No. 1.) Plaintiff has alleged that he and his co-Plaintiffs suffered a loss in the amount of $13 billion dollars. (Id.) However, in this case, after reviewing Plaintiff Lamar Ellis's affidavit, the Court concludes that Plaintiff has not made an adequate showing that he is unable to pay the filing fee.[2] (Doc. No. 2.) Plaintiff Lamar Ellis is not incarcerated, and currently receives a total of $4,262.00 per month in the form of social security, civil service disability, and VA disability payments. (Id. at 1-2.) Plaintiff's affidavit also indicates that his checking account balance is approximately $1100.00. (Id. at 2.) Under these facts, the Court is not persuaded that Plaintiff Lamar Ellis is unable to pay the filing fee from his available funds. Accordingly, the Court DENIES without prejudice Plaintiff's motion for leave to proceed *in forma pauperis*, and directs Plaintiff to pay the $350.00 filing fee.

**II. Motion to Appoint Counsel**

    In an *in forma pauperis* action, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision whether to appoint counsel is within the discretion of the court and is "granted only in exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)). In exercising its discretion, the court must consider three factors: "(1) the plaintiff's financial resources, (2) the efforts made by plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981). Because the Court denies Plaintiff's motion to proceed *in forma pauperis*, the Court also DENIES without prejudice Plaintiff's motion for appointment of counsel.

**III. Appearance by Non-Individuals**

    In additional to the individual Plaintiff Lamar Ellis, the complaint also names as co-Plaintiffs several non-individuals entities, including Dr. Lamar Ellis Charitable Remainder

---

[2] None of the non-individual Plaintiffs submitted IFP affidavits.

Trust, Lamar Ellis' Trust, Lamar Ellis Revocable Trust, Lamelli LTD Partnership, and Energetic Psychoanalytic Institute and Training School Inc. (Doc. No. 1.) Civil Local Rule 83.3 states, in pertinent part, that

> Only natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3. All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.

CivLR 83.3(k). Local Rules also provide that a person appearing pro se must appear personally for such purpose and may not delegate that duty to any other person, including husband or wife, or another party on the same side appearing without an attorney. CivLR 83.11(a). The Court notes that the named non-individual Plaintiffs are not represented by an attorney, and that the individual Plaintiff, Lamar Ellis, is not allowed to appear on behalf of these entities.

### Conclusion

For the reasons above, the Court DENIES without prejudice Plaintiff's motion for leave to proceed *in forma pauperis*, and DENIES without prejudice Plaintiff's motion for appointment of counsel. If Plaintiff seeks to continue with this action, he must, **no later than 30 days** from the date this Order is filed, pay the $350.00 court filing fee. If Plaintiff fails to comply with this Order, the Court will dismiss the case.

**IT IS SO ORDERED.**

DATED: June 21, 2010

*[signature]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT