1

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

14   LAMAR ELLIS et al.,

15                                        Plaintiff,

16

17   vs.

18

19

20   BERNARD L. MADOFF;
     INVESTMENT SECURITIES LLC,

21                                        Defendants.

22

CASE NO. 10-CV-1295-H (JMA)

**ORDER**

**(1)  GRANTING MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT;**

**(2) DISMISSING PARTIES NOT NAMED IN THE FIRST AMENDED COMPLAINT; &**

**(3)  SUA SPONTE DISMISSING ACTION FOR FAILURE TO STATE A CLAIM**

[Doc. No. 7.]

23

24        On June 17, 2010, Plaintiff Lamar Ellis, proceeding *pro se*, filed a complaint in this

25   action against Defendants Bernard Madoff, Investment Securities LLC, Pioneer Investment

26   Firm, Amsouth Bank, Regions Bank, Deposit Guaranty National Bank, United States

27   Securities and Exchange Commission, Thadarine McIntosh, Moody Rating Agency, Fitch

28   Rating Ltd., and Standard and Poor's Rating Agency, alleging that Defendants traded

- 1 -                                                                              10cv1295

1  Plaintiffs' assets without permission, which resulted in a $13,000,000,000 loss to Plaintiffs.[1]

2  (Doc. No. 1.)  Plaintiff Lamar Ellis also filed a motion for leave to proceed *in forma pauperis*

3  and a motion to appoint counsel.  (Doc. Nos. 2 & 3.)  On June 21, 2010, the Court denied

4  Plaintiff's motion to proceed *in forma pauperis*, denied the motion for appointment of counsel,

5  and directed Plaintiff to pay the court filing fee.  (Doc. No. 4.)  On July 8, 2010, Plaintiff paid

6  the filing fee.  (Doc. No. 5.)

7  **I.  Motion for Leave to Amend Complaint**

8  On July 13, 2010, Plaintiff filed a motion titled "request for appointment of motion to

9  let it be known that the plaintiff has filed a motion to 1st Amended Complaint."  (Doc. No. 7.)

10  Plaintiff's motion includes what appears to be the amended complaint, as well as fifteen pages

11  of various exhibits.  (Id.)  The Court construes Plaintiff's motion as a motion for leave to file

12  a First Amended Complaint.  Under Federal Rule of Civil Procedure 15(a), Plaintiff has a right

13  to amend his complaint once as a matter of course within 21 days after serving it.  Fed. R. Civ.

14  P. 15(a)(1)(A).  Here, Plaintiff has not served his original complaint on the Defendants.

15  Accordingly, the Court **GRANTS** Plaintiff's motion for leave to file his First Amended

16  Complaint.

17  **II.  Parties Not Named in the FAC**

18  It is well-established that an amended pleading supersedes the original.  Ferdik v.

19  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co.,

20  896 F.2d 1542, 1546 (9th Cir. 1990) ("[t]he fact that a party was named in the original

21  complaint is irrelevant; an amended pleading supersedes the original"); Loux v. Rhay, 375

22  F.2d 55, 57 (9th Cir. 1967); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1476

23  (2d. ed. 1990 & Supp. 1997); CivLR 15.1.  If an amended complaint drops a defendant named

24  in the original complaint, that defendant is effectively dismissed from the action.  London v.

25

26  _____

[1] The complaint also named as co-Plaintiffs Dr. Lamar Ellis Charitable Remainder
27  Trust, Lamar Ellis' Trust, Lamar Ellis Revocable Trust, Lamelli LTD Partnership, and
Energetic Psychoanalytic Institute and Training School Inc., however, these entities were not
28  represented by counsel.

1  Coopers & Lybrand, 644 F.2d 811 (9th Cir. 1981).  Similarly, if a claim raised in the original

2  complaint is not re-alleged in the amended complaint, the claim is no longer before the court

3  and is deemed to have been waived.  Id. at 814; King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

4  1987) (citation omitted); see also Marx v. Loral Corp., 87 F.3d 1049, 1055 (9th Cir. 1996);

5  USS-Posco Indus. v. Contra Costa County Bldg. & Constr. Trades Council, AFL-CIO, 31 F.3d

6  800, 811 (9th Cir. 1994).  Thus, after amendment, the original pleading no longer performs any

7  function and is "treated thereafter as non-existent."  Loux, 375 F.2d at 57.  An earlier

8  complaint cannot be used to "fill in" the names of defendants referred to only as "et al." in the

9  later pleading.  Ferdik, 963 F.2d at 1262.

10  In its caption, Plaintiff's First Amended Complaint ("FAC") lists Lamar Ellis et al. as

11  the Plaintiff, and lists Bernard L. Madoff and Investment Securities LLC as the Defendants.

12  (Doc. No. 7.)  No other parties are identified in the caption of the FAC.  Defendants McIntosh,

13  Deposit Guaranty Bank, AmSouth Bank, and Regions Bank are mentioned in the body of the

14  FAC; however, there are no specific allegations against those Defendants.

15  Rule 10(a) of the Federal Rules of Civil Procedure requires plaintiffs to specifically

16  name each party in the caption of his complaint.  "The title of the complaint must name all the

17  parties."  Fed. R. Civ. P. 10(a).  A defendant is not presumed a party to the action if he is not

18  served or named in the caption, unless he is specifically and sufficiently identified later in the

19  body of the complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Rice v.

20  Hamilton Air Force Base Commissary, 720 F.2d 1082, 1085 (9th Cir. 1983) ("a party may be

21  properly in a case if the allegations in the body of the complaint make it plain that the party

22  is intended as a defendant.") (citing Hoffman v. Halden, 268 F.2d 280, 303-304 (9th Cir.

23  1959)).  See also Greenwood v. Ross, 778 F.2d 448, 451-52 (8th Cir. 1985) (failure to list a

24  defendant in the caption does not mean the action cannot be maintained against him where he

25  is identified in the body of the complaint).  However, where a purported defendant is named

26  neither in the caption nor specifically identified as a defendant in a later portion of the

27  complaint, the court is precluded by Fed. R. Civ. P. 15 from ascertaining the identities of

28

1  additional defendants simply by including those named in the original or previous pleading.

2  Ferdik, 963 F.2d at 1262.

3      Because Plaintiff failed to name as co-Plaintiffs in the FAC Dr. Lamar Ellis Charitable

4  Remainder Trust, Lamar Ellis' Trust, Lamar Ellis Revocable Trust, Lamelli LTD Partnership,

5  and Energetic Psychoanalytic Institute and Training School Inc., these entities are dismissed

6  from the case.  Similarly, because Plaintiff failed to name either in the caption or in the body

7  of the FAC Pioneer Investment Firm, United States Securities and Exchange Commission,

8  Moody Rating Agency, Fitch Rating Ltd., and Standard and Poor's Rating Agency, the Court

9  dismisses these Defendants from the case.  The Clerk is directed to terminate these parties as

10  not named in the FAC.

11  **III.  Insufficient Factual Allegations in the FAC**

12      "A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6).... Such

13  dismissal may be made without notice where the claimant cannot possibly win relief."  Omar

14  v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir.1987); see Wong v. Bell, 642 F.2d 359,

15  361-362 (9th Cir.1981).  *Sua sponte* dismissal may be made before process is served on

16  defendants.  Neitzke v. Williams, 490 U.S. 319, 324 (1989).  "While a complaint attacked by

17  a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

18  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

19  conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell

20  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it

21  tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 129

22  S.Ct. 1937, 1949 (2009) (quoting id. at 556). "Factual allegations must be enough to raise a

23  right to relief above the speculative level."  Twombly, 127 S.Ct. at 1965 (citing 5 C. Wright

24  & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).  "All

25  allegations of material fact are taken as true and construed in the light most favorable to

26  plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient

27  to defeat a motion to dismiss for failure to state a claim."  Epstein v. Wash. Energy Co., 83

28  F.3d 1136, 1140 (9th Cir.1996); see also Twombly, 550 U.S. at 555.

The FAC consists of two pages, and alleges one cause of action entitled: "Fraudulent concealment re: Regarding the fact that Plaintiffs' total securities were under a permanent SEC injunction due to the actions of Defendants."  (Id. at 2.)  The FAC continues to state:

> 1.  The allegations of this complaint based on information and beliefs are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery during the pendency of the action herein that some of the Defendants fraudulent concealment of their actions, and persuaded the SEC to issue an SEC file number and SEC accession number, that allowed the Defendants to register and publicly trade the Plaintiffs' natural securities on NASDAQ.
>
> 2. If after discovery during review of SEC records and the allegations are found to be true that information will be handed over to Judge Burton R. Lifland of the U.S. Bankruptcy Court Docket no. 08-178 (BRL) and the U.S. Department of Justice.
>
> 3. The exception to cause number 2 is Defendant McIntosh.  This Defendant discovered information as is described in the Plaintiffs' complaint against McIntosh will be given to the (IRS).
>
> 4.  The Plaintiffs will not seek documents or records from Defendants; Deposit Guaranty Bank, AmSouth Bank, Regions Bank, Bernard L. Madoff, et al.

(Id.)  These statements conclude Plaintiff's factual allegations.  The page is signed by Lamar Ellis, et al., and is dated June 30, 2010.  (Id.)  The next page of the FAC appears to be a prayer for relief seeking general, special and punitive damages and costs.  (Id. at 3.)  After reviewing the FAC, the Court concludes that Plaintiff does not allege sufficient facts to state a cause of action against Defendants.  The FAC does not provide either factual or legal basis to support a claim against Defendants.  Plaintiff's "naked assertion[s]' devoid of 'further factual enhancement'" are insufficient to state a cause of action.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Accordingly, the Court dismisses the First Amended Complaint.

## Conclusion

For the reasons above, the Court **GRANTS** Plaintiff's motion for leave to file a First Amended Complaint.  The Court **DISMISSES** from this case parties not named in the First Amended Complaint.  The Clerk is directed to terminate the following parties: Dr. Lamar Ellis Charitable Remainder Trust, Lamar Ellis' Trust, Lamar Ellis Revocable Trust, Lamelli LTD

10cv1295

1  Partnership, Energetic Psychoanalytic Institute and Training School Inc., Pioneer Investment

2  Firm, United States Securities and Exchange Commission, Moody Rating Agency, Fitch

3  Rating Ltd., and Standard and Poor's Rating Agency.  The Court **DISMISSES** Plaintiff's First

4  Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

5      **IT IS SO ORDERED.**

6  DATED: July 15, 2010

7

8                              MARILYN L. HUFF, District Judge
                               UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv1295