# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR ELLIS et al.,<br><br>　　　　Plaintiff,<br>　vs.<br><br>BERNARD L. MADOFF;<br>INVESTMENT SECURITIES LLC,<br><br>　　　　Defendants. | CASE NO. 10-CV-1295-H (JMA)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 10.]** |

On June 17, 2010, Plaintiff Lamar Ellis, proceeding *pro se*, filed a complaint in this action against Defendants Bernard Madoff, Investment Securities LLC, Pioneer Investment Firm, Amsouth Bank, Regions Bank, Deposit Guaranty National Bank, United States Securities and Exchange Commission, Thadarine McIntosh, Moody Rating Agency, Fitch Rating Ltd., and Standard and Poor's Rating Agency, alleging that Defendants traded Plaintiffs' assets without permission, which resulted in a $13,000,000,000 loss to Plaintiffs.[1] (Doc. No. 1.) On July 13, 2010, Plaintiff filed a motion titled "request for appointment of motion to let it be known that the plaintiff has filed a motion to 1st Amended Complaint,"

---

[1] The complaint also named as co-Plaintiffs Dr. Lamar Ellis Charitable Remainder Trust, Lamar Ellis' Trust, Lamar Ellis Revocable Trust, Lamelli LTD Partnership, and Energetic Psychoanalytic Institute and Training School Inc., however, these entities were not represented by counsel.

which included a first amended complaint and exhibits.  (Doc. No. 7.)  On July 15, 2010, the Court granted Plaintiff's motion for leave to file his First Amended Complaint.  (Doc. No. 8.) The Court then dismissed parties not named in the First Amended Complaint from this action, and dismissed the First Amended Complaint for failure to state a cause of action against named Defendants.  (Id.)  On July 27, 2010, Plaintiff Lamar Ellis filed a motion for reconsideration of the Court's July 15, 2010 order.  (Doc. No. 10.)

**Discussion**

A motion for reconsideration is appropriate if: (1) the movant presents the court with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law.  Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  In highly unusual circumstances there may be other reasons warranting reconsideration.  Id.  Whether to grant or deny a motion for reconsideration is within the sound discretion of the district court.  Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

Plaintiff's motion for reconsideration appears to allege that the Clerk's office informed Plaintiff that he "could file the same complaint with addendum complaints ...and ... receiv[e] a new case number."  (Id. at 1.)  Plaintiff contends that his First Amended Complaint was "a part of Plaintiffs [sic] original complaint."  (Id. at 2.)  Plaintiff does not provide any support in the law for his contention.

Contrary to Plaintiff's contentions, an amended pleading supercedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) After amendment, the original complaint no longer performs any function and is "treated thereafter as non-existent." Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, the Court properly considered only the claims and parties mentioned in the First Amending Complaint in its July 15, 2010 order.  Moreover, Plaintiff's motion for reconsideration does not offer any new evidence or law, nor does it allege that the Court committed an error in dismissing the First Amended Complaint. (See Doc. No. 10 at 1-2.)  Accordingly, the Court concludes that Plaintiff has not

1 | established grounds justifying reconsideration of the Court's order dismissing the First Amended Complaint.

### Conclusion

For the reasons above, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

DATED: August 2, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT